UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| IMELDA BURCIAGA, | ) | Case No. CV 10-2207-MLG |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Imelda Burciaga seeks judicial review of the Social Security Commissioner's denial of her application for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I. Facts and Procedural Background**

Plaintiff was born on May 13, 1955. She has a sixth grade education and has relevant work experience as a sewing machine operator. (Administrative Record ("AR") 27, 28, 104, 116.)

Plaintiff filed an application for SSI and DIB on April 19, 2007, alleging disability as of July 20, 2000, due to hypertension and diabetes mellitus. (AR 17, 42.)

Plaintiff's application was denied initially and upon reconsideration. (AR 47-56.) An administrative hearing was held on April 21, 2008, before Administrative Law Judge ("ALJ") Ariel L. Sotolongo. Plaintiff, represented by an attorney, testified, as did a vocational expert ("VE"). (AR 25-41.)

ALJ Sotolongo issued an unfavorable decision on September 23, 2008. (AR 17-22.) The ALJ found that Plaintiff suffered from the following severe impairments: morbid obesity, diabetes mellitus and hypothyroidism. (AR 19.) The ALJ further found that Plaintiff's impairments did not meet the requirements of any listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 20.) The ALJ determined that Plaintiff's residual functional capacity ("RFC") was as follows:

> The claimant can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; can stand and/or walk for four hours out of an eight-hour workday; and can sit for four hours out of an eight-hour workday. The claimant can frequently push and/or pull with the lower extremities. The claimant's residual functional capacity is consistent with a narrowed range of light exertion.

(AR 20-21.) Relying upon the VE's testimony, the ALJ also determined that Plaintiff was capable of performing her past relevant work as a sewing machine operator and overlock sewing machine operator. (Id.) The ALJ concluded that Plaintiff was not

2

disabled as defined in the Social Security Act. (AR 21.)

The Appeals Council denied review on January 29, 2010. (AR 1-3.) Plaintiff then timely commenced this action, and on October 26, 2010, the parties filed a joint stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred in finding that Plaintiff was capable of performing her past work. (Joint Stp. 3.) Defendant contends that Plaintiff actually raises three separate issues: (1) the requirements of Plaintiff's past relevant work exceed the RFC assessment; (2) Plaintiff was entitled to a finding of disability at Step Four based upon the Medical-Vocational Guidelines; and (3) the ALJ should have included Plaintiff's borderline intellectual functioning as a severe impairment and included associated restrictions. (Joint Stp. 6.) The Court agrees with Defendant's characterization of the issues and will therefore discuss each of these issues separately.

Plaintiff requests that the Court reverse and order an award of benefits or, in the alternative, remand for further proceedings. (Joint Stp. 17.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. 18.)

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a

preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.   The ALJ Properly Assessed Plaintiff's RFC and Determined That She Could Perform Her Past Relevant Work**

Plaintiff claims that the ALJ improperly determined that she was capable of performing her past relevant work as a sewing machine operator. (Joint Stp. 4.) Plaintiff argues that a sewing machine operator must be able to sit for at least six hours per day and must constantly operate foot controls. (Joint Stp. 4.) Because the ALJ found that Plaintiff could only sit for four hours out of an eight-hour workday and because she was limited to frequent pushing and pulling with the lower extremities, the requirements of Plaintiff's past relevant work exceed the ALJ's RFC assessment, and therefore the ALJ erred in finding she was capable of performing her past relevant work. (Joint Stp. 4.)

Plaintiff "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents [her] from

engaging in any of [her] previous occupations." *Allen v. Secretary of Health & Human Serv.*, 726 F.2d 1470, 1472 (9th Cir. 1984). Moreover, it is Plaintiff's burden to prove that she cannot return to her former *type* of work, not just to her former job. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). A claimant is not disabled if she can perform the duties of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

Plaintiff has failed to produce any evidence to show that she is unable to perform her past relevant work. Her arguments regarding an inability to perform the requirements of her past work are conclusory and unsupported by the medical record.

Further, the ALJ's findings under step four of the sequential evaluation process, as well as other evidence in the record, support the determination that Plaintiff is capable of performing her past relevant work. The hypothetical that the ALJ posed to the VE properly incorporated the relevant medical evidence in the record as well as Plaintiff's past relevant work as a sewing machine operator. (AR 36, 39.) Based upon this hypothetical, the VE testified that Plaintiff could perform her past relevant work, even if she were limited to no more than four out of eight hours for standing and walking and to at least frequent pushing and pulling with the lower extremities. (AR 36, 39.) The ALJ was entitled to rely on the vocational expert in reaching his disability determination. (AR 21-22.) *See* 20 C.F.R. § 416.960(b)(2) (ALJ may rely on a vocational expert's "expertise and knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed").

In addition, the ALJ appropriately relied upon the medical evidence in the record in determining that Plaintiff retained the RFC to sit for four hours out of an eight-hour day and to frequently push and/or pull with the lower extremities. (AR 20-21.) Plaintiff argues that a knee impairment would prevent her from pushing or pulling with her legs to the extent required to perform her past work. However, there is no medical evidence in the record to support Plaintiff's claim of constant knee pain. As noted by the ALJ, "in over 200 pages of treating records there is only one entry, in 2006, that states 'occasional pain in the knees,' and there is no evidence of any diagnosis or treatment for this condition." (AR 20.) Further, the ALJ properly relied upon the opinion of the consultative examining physician, Dr. Bloom, who found that, while Plaintiff had some "crepitation present in the right knee," her gait was "essentially normal" and there was no evidence of any other abnormalities in her knees. (AR 260.)

The ALJ properly relied upon the VE's opinion, as well as the medical evidence in the record, in determining that Plaintiff was capable of performing her past relevant work, and the decision is supported by substantial evidence in the record. Therefore, no relief is warranted on this claim of error.

**B.   Plaintiff Is Not Entitled to a Finding of Disability Based Upon the Grids**

Plaintiff next contends that she is entitled to a finding of disability based upon the Medical-Vocational Guidelines (the "Grids"), at 20 C.F.R., Part 404, Subpart P, Appendix 2, § 202.01. (Joint Stp. 4, 5.)

Once a claimant has demonstrated the existence of a severe

6

impairment that precludes her from doing past work, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform despite her impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Commissioner may satisfy this burden by: (1) taking the testimony of a vocational expert or (2) applying the grids at 20 C.F.R., Part 404, Subpart P, Appendix 2. *Id.* The grids provide a system "for disposing of cases that involve substantially uniform levels of impairment." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). The grids categorize jobs by three physical-exertional requirements: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). These exertional levels are further divided by a claimant's age, education, and work experience. *Id.* The grids direct a finding of "disabled" or "not disabled" depending on a claimant's particular combination of factors. *Id.*

At the administrative hearing, the ALJ commented that, if Plaintiff had a "significant pathology of the knees that ... would preclude her use of the pedals in [sic] a frequent or constant basis," then she would likely be found disabled based upon the Grids. (AR 39.) However, as discussed above, the ALJ found that Plaintiff did not have any significant impairment of the knees, based upon a lack of any medical evidence in the record and based upon the consultative examining physician's findings. (AR 20.) The ALJ even left the record open to allow Plaintiff to submit post-

7

hearing medical records regarding any impairment of her knees. (AR 39-40.) As noted by the ALJ, the medical records that Plaintiff submitted after the hearing provided no evidence of any knee impairment, nor any diagnosis or treatment of a knee condition. (AR 20.

Because the ALJ properly determined that Plaintiff was able to perform her past relevant work as a sewing machine operator, the Grids were inapplicable to Plaintiff's claim, and therefore would not mandate a finding of disability. Accordingly, Plaintiff is not entitled to relief on this claim.

**C.  Plaintiff Has Failed to Establish That She Has a Severe Mental Impairment Or That It Precludes Her From Performing Her Past Relevant Work**

Plaintiff contends that the ALJ erred in failing to find that her borderline intellectual functioning was a severe mental impairment at step two of the sequential evaluation process and in failing to include this mental impairment in the hypothetical to the VE. (Joint Stp. 4-5.) Plaintiff also argues that, because she was diagnosed with an I.Q. between 70-79, which is in the bottom 10% of the population, she cannot perform her past work as a sewing machine operator because the jobs identified by the VE require an intellectual ability above the 10th percentile. (Id.)

Plaintiff has failed to show that she has a severe mental impairment. A claimant for disability benefits has the burden of producing evidence to demonstrate that he or she was disabled within the relevant time period. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). At step two, the Commissioner considers if a claimant has an "impairment or combination of impairments which

significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). This is referred to as the "severity" requirement and does not involve consideration of the claimant's age, education, or work experience. 20 C.F.R. § 404.1520(c); *see* 42 U.S.C. § 1382c(a)(3)(G). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. § 404.1521(a).

Here, Plaintiff has not provided any medical evidence to show that her mental impairment "significantly limits her ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Although the examining consultative psychologist, Dr. Roger Izzi, diagnosed Plaintiff with borderline intellectual functioning, he concluded that Plaintiff's impairment did not limit her ability to perform work related activities: "[Plaintiff's] problems are essentially physical in nature. There would be no objective evidence to support the presence of a psychiatric disorder. Any symptoms and complaints of a psychiatric nature are most likely transient, not exceeding a slight degree, and in response to fluctuations in her physical condition. Therefore, there would be no psychiatric functional limitations." (AR 237.)

Further, Dr. Izzi noted that, by Plaintiff's own report, the only reason that she stopped working was because the company she worked for had closed, and if it had not closed, she would still be working. (Id.) Plaintiff also stated that she had been actively looking for work, and when asked why she currently could not work,

9

she reported that she could not find a job. (Id.)

In addition, the reviewing state physician, Dr. Dudley, found that Plaintiff's borderline intellectual functioning was not a severe mental impairment and that she had no functional limitations as a result of her borderline intellectual functioning. (AR 269-79.) The ALJ specifically cited Dr. Izzi's and Dr. Dudley's reports in concluding that Plaintiff did not have a severe mental impairment at step two of the sequential evaluation. (AR 20.) Accordingly, because there was no medical evidence in the record to show that Plaintiff's borderline intellectual functioning prevented her from performing any work related activities, the ALJ properly determined that Plaintiff's mental impairment was not severe. Therefore, the ALJ was not required to include Plaintiff's mental impairment in the hypothetical to the VE.

Plaintiff also argues that her I.Q. of 70-79, which is below the bottom 10% of the population, prevents her from performing her past relevant work as a sewing machine operator because the jobs identified by the VE require an intellectual ability above the 10th percentile. However, as discussed in detail above, although Dr. Izzi diagnosed Plaintiff with borderline intellectual functioning, he also found that she had no functional limitations that would preclude her from performing any work related activities. (AR 237.) The mere fact that Plaintiff has an I.Q. between 70 and 79, does not, without more, establish that she has a severe mental impairment. In addition, Plaintiff reported that the only reason that she was not currently working was because the company for which she was working had closed, not because of an inability to perform her work due to a mental impairment. (Id.) Further, the

fact that Plaintiff was able to work for many years as a sewing machine operator despite her borderline intellectual functioning undermines her contention that she cannot perform her past relevant work. Therefore, Plaintiff is not entitled to relief on this claim.

**IV. Conclusion**

For the reasons stated above, the decision of the Commissioner is affirmed.

Dated: November 2, 2010

_____
Marc L. Goldman
United States Magistrate Judge